And we'll move to our fifth case this morning, Palermo v. Schaedel. Alright, Ms. Murphy. Thank you, Your Honor, and good morning. Good morning. May it please the Court, I am Siobhan Murphy, Counsel for Appellants Jason Palermo and Wes Murphy. We are here this morning on the question of whether the owner of a vessel that had a passenger go overboard on the navigable waters of the United States is entitled to be heard on his claim that he should be exonerated from or entitled to limitation of liability under the Limitation Act at 46 U.S.C. 30501. We submit that the District Court erred in denying a forum for a proceeding under the Limitation Act based on the pleadings filed by the petitioners by the appellants. And in treating this case as if it were controlled by the rule in Joyce v. Joyce, we respectfully submit that on a de novo review the District Court had jurisdiction over this claim and that dismissal for failure to state a claim in the limitations complaint was erroneous as a matter of law. Reading the limitations complaint, there are multiple events and multiple actions and actors at issue. Plaintiff's theories were negligent entrustment plus. They were negligent entrustment that were incorporated into a general negligence case. Ms. Murphy, would it be helpful for us to take a look at the plus? If we have negligent entrustment and if we're looking here at the complaint, I'm assuming you're referring to the complaint and not the amended complaint. I am, Your Honor. I don't disagree with the court choosing to look to the complaint and not the amended complaint. So let me talk briefly about the plus. The allegations in our complaint were that Mr. Palermo owns the Better Times 2, that he was below deck at relevant times, that the vessel was seaworthy, that Lane Shadel, I'm sorry, I mispronounced that name more than I get it right, was in an argument with his fiancee that evening and that he acted, Lane did, in an unforeseeable way, that he went up on deck and wound up in the water. So we really don't know how he wound up in the water other than that his actions were in context of a fight and in context of threats. And it wasn't a fight with Palermo, it was a fight with his fiancee. It was a fight with his fiancee. So no one saw Lane Shadel go into the water. No one knows if he chose to go into the water, if he did something negligent, or if he simply fell asleep or something, which would also implicate his negligence rather than any negligence by Mr. Murphy, who was operating the vessel, or by Mr. Palermo, who owned it. But the denials that we've made in our own petition put at issue that there's no privity of knowledge, no actual negligence, in fact, but by putting at issue the lack of the privity component in our complaint in a context of a very complex accident and rescue effort with implications of conduct by persons other than either of the defendants that could be causative of this loss. But, Counsel, none of the claims in the state court litigation are imputed liability claims based on your client's ownership of the vessel. These are all direct negligence claims, are they not? Whether there's a factual basis for them or not is a separate issue, but I'm talking about the nature of the claims. The Act only provides a limitation of liability for imputed liability claims that attach by virtue of the ownership of the vehicle. They don't protect against direct negligence claims. So there's a lived experience of us as trial attorneys, and I would imagine of you as judges. We all know when we walk into the opening of litigation that the allegations in the complaint will often be broad and general, and these are. Fail to provide some rescue effort is part of that underlying complaint. And we also all know that we won't know within the 60 days in which we must seek the limitation or exoneration what the case will ultimately prove to be about. Both in Illinois state court and here in federal court, liberal amendments to the pleadings are allowed. And so when we file the exoneration complaint, we allege the facts. We provide the facts that we think are going to help the court see that when the case is ultimately looked at on the facts, we will be able to establish that if there is liability proven by the plaintiff, it is nonetheless subject to limitation or exoneration. Okay. I'm not hearing an answer to my question. None of the claims in the state litigation and nothing in your federal complaint under the Shipowners Limitation of Liability Act suggests that this litigation is about your client's imputed liability. In other words, your client's liability as the owner for somebody else's torts. And that's the only thing that the Shipowners Liability Limitation Act applies to. It's his own negligence that's being alleged in the state case and that you're describing and refuting in your federal complaint. I disagree, Your Honor. If you look at the underlying complaint itself, the last of the theories expressed in that complaint is about failure to provide some unstated rescue efforts. But that's a direct negligence claim. That's not imputed liability. Well, like the theory... Imputed liability is respondeat superior. It is. Or common carrier, which obviously we don't have here because this is a personal pleasure boat and not a common carrier boat. And there's two things I think are really relevant to understanding that. That pleading does not explicitly state it's limited to the theory of negligent entrustment, which was the Joyce v. Joyce analysis. Because Joyce acknowledged that you have to have no possible set of facts under which protected liability could be proven in the case as it proceeds. That's what Joyce acknowledged. And they said that the plaintiff had pled only negligent entrustment, which inherently incorporates the privity concept. This is not a case that pleads only negligent entrustment. It has general terminology in an initial complaint in Cook County. But in Joyce, that's where Chief Sykes is wanting to address here, is that which one of these don't require direct action on behalf of... Well, Your Honor, I think that if you read the facts of the state law complaint in light of the facts in the federal court, we have the owner of the vessel below decks. And you have a series of events that occur. We are much closer in this case to some of the other authorities we've provided. And we particularly briefed the Inouye-Ratke case. That's another one where I might be mispronouncing the name. But in that case, like in our case, you had an owner of the vessel who was not responsible as the captain at the time. She got involved later in rescue efforts. And at summary judgment, the court said, there still wasn't enough clarity as to who was responsible for the loss to grant summary judgment either way on the question of protection under the act. I'm sorry. The case you referenced was Inouye. Give me a moment. Sure. I want to make sure. I think you're referring to COPHE, K-O-T-H-E.  Thank you. And that's a district court unpublished non-presidential opinion. So let's try to fit this within the contours of our own cases. This interesting area of admiralty law and the Supreme Court's cases. And the Supreme Court's cases make it clear that what we're talking about and what the statute is directed at is a limitation of liability for imputed liability claims. No fault claims. These are all fault-based claims in which your client is alleged to have been at fault in a whole host of different ways. And you can test that, obviously, but they're all fault-based claims for things he either did or failed to do. Negligent omissions mostly is what we have in this litigation or allegations of negligent omissions. And so that just takes this categorically outside of the act as the Supreme Court has interpreted it. And I think that Joyce doesn't hold that. I think that Joyce explicitly stated it was only a case pled as negligent entrustment specifically because negligent entrustment, the elements of that theory, incorporate the same concept as privity. Once you're talking about an owner of a boat who's not the operator of a boat, who's below deck, and who is allegedly liable for multiple different things occurring, including a situation of potential negligence by the decedent, you're no longer able, I think, to apply Iqbal or Twombly and say that there's no possible set of facts on which we would ultimately be entitled to exoneration or limitation. I see my time is up. If there are any further questions. A couple questions. Do we have to reject Joyce to rule in your favor? Or can Joyce just stand on its own? Joyce could stand on its own, limited to the particular pleadings that do, in fact, allege only negligent entrustment. What about this Langness abstention? Is that implicated in this case? I don't think it is, Your Honor. But as I stand here, I would prefer to step back up and take a quick look at it and give you a more considered answer. Thank you. Thank you. Thank you, Your Honor. Mr. Terzino. Good morning, Your Honors. Phil Terzino for the Estate of Lane Shadle. The purpose of the Limitation of Liability Act was to encourage shipbuilding and to induce capitalists to invest money in this branch of industry. The Act did so by exempting innocent shipowners from liability. Mr. Terzino, do you mind if we do kind of answer the question in Rickhoff? I don't know if you're familiar with that case with Judge Dow. I know it's a non-presidential order. Correct. Yeah, I know that case, Your Honor. And so does a ruling in your favor mean that in Rickhoff was decided wrong? No, it doesn't, Your Honor. And let me explain why. So the in Ray Coffee case, that case is easily distinguishable from the case here and also the case of Joyce v. Joyce that this court ruled about. In that case, the respondent was alleging negligent maintenance and inspection and also pre-departure negligence in its pre-departure investigation. The petitioner, or the owner of the boat, again, this was a combined ownership boat, the petitioner was not present on the vessel during these acts of negligence and that's why the court ruled there was no privity or knowledge. And here, as the district court correctly ruled, is that all the allegations of negligence against the boat owner, he was on the boat, it's all direct negligence against the boat owner and these negligence acts could not have happened without the boat owner's privity and knowledge. It goes to permitting the boat to go out into the waters. Permitting means active participation. Negligent entrustment going to active participation, which what is privity and knowledge of what the Joyce case was about. Is there a problem here, though, because we've got a district court who's saying there is no subject matter jurisdiction. We've got both parties telling us there is subject matter jurisdiction. And then we have a district court who's engaging in a 12B6 analysis and whether or not a claim can be stated, yet we don't have a motion to that effect. It really is a morass when you talk about direct reliance on Joyce and a conclusion of no subject matter jurisdiction when the pleadings to both parties say, yes, there's jurisdiction under 1333. How do we reconcile that? Your Honor, there was a failure to state that there was no subject matter jurisdiction or a failure to state a claim because they don't allege lack of privity or lack of knowledge. All the allegations in plain of state court complaint goes to privity and knowledge. An allegation of negligence, which the owner of the boat would have privity and knowledge, is through direct negligence that caused my client to drown. The boat never went out, and that was because the owner permitted the boat to go out that day. Well, what the judge says at page two before the break for background and because the limitation act cannot apply, this case must be dismissed, either because the court lacks jurisdiction or because petitioner has failed to state a claim on which relief can be granted. Respondent's motion to dismiss is therefore granted. The lack of jurisdiction part, if that's the basis for the ruling, how are we to affirm a motion to dismiss for lack of subject matter jurisdiction when both parties to the suit apparently agreed the district court had subject matter jurisdiction? Respondent brought a motion to dismiss based on lack of subject matter jurisdiction because in this case the limitation of liability act can never apply in this case because of the allegations of state court complaint. And as the correct U.S. District Court judge stated, it's either the petitioner did or not do these things. If he did not do these things, there's no negligence and therefore we don't need to limit liability. And if he did do these things, these allegations of negligence, then he had privy knowledge and therefore the act does not apply. But if we reject the notion that the district court lacked subject matter jurisdiction, so we rely on the representations of the parties that there was subject matter jurisdiction, can we still rule in your favor or do we have to send this back for the district court to, in the first instance, go through the analysis? No, Your Honor, you can rule in my favor just like the court in Joyce v. Joyce did when the court in Joyce v. Joyce held that there was no subject matter jurisdiction because there is privy knowledge and the allegations are of direct negligence, in that case negligent entrustment. In Jess v. Chambers, the Supreme Court held explicitly that a failure to demonstrate a lack of privity or knowledge does not divest the district court of jurisdiction. And we noted that holding in a footnote in McCarthy Brothers. So going to Judge Brennan's point, if that is the holding of the Supreme Court, what do we do with this 12B1 motion when that was before the district court finding a lack of subject matter jurisdiction? Yes, Your Honor, thank you. So the Limitation Act specifically states in the Act, claims subject to limitation under the Act include those of any loss, damage, or injury for any Act without the privy or knowledge of the owner. Petitioner is bringing a limitation of liability and the respondent is saying there's no subject matter jurisdiction because there's no way there, in order for me to proceed, there has to be privy knowledge based on the allegations. The statute is not phrased in jurisdictional terms. That's the bottom line. This is Judge Crabb's dissent in the Joyce case. That it's not a jurisdictional dismissal, it's a merits dismissal. And that is why U.S. District Court Judge also held that the petitioner failed to state a claim that the allegations in the petitioner's complaint, they do not deny privity and knowledge. And that is why it was proper under 12b-6 under failure to state a claim. But this was a jurisdictional dismissal by Judge Ness, right? I believe Judge Ness ruled that no subject matter jurisdiction or failure to state a claim. Well, it has to be one or the other. He dismissed it for lack of subject matter jurisdiction. So it was a jurisdictional dismissal without prejudice. Correct, because of lack of privity or knowledge, Your Honor. Right, and so our questions go to whether that was correct. That was correct, Your Honor, because the limitation of liability can never stand because the allegations go to privity and knowledge, so there's no subject matter jurisdiction. That's just an argument that this claim doesn't, this limitations of liability claim doesn't fall within the scope of the act. That's not an argument that the limitation of liability statute is jurisdictional. Is it a jurisdictional statute? It doesn't use the phrase jurisdiction or otherwise speak to the court's power. Correct, but it... Jurisdiction is conferred by 1333. Both parties have agreed on that, correct? Your Honor, as Judge Ness correctly stated, the court cannot do nothing more than dismiss the case if the plaintiffs make clear that the limitation act cannot apply, and that is why Judge Ness correctly dismissed this case. I think you're not grasping the nature of the questions. We understand the argument about the dismissal, the basis for the dismissal of the question is, is it a jurisdictional dismissal or a merits dismissal? I believe it's both, Your Honor. You can't have it both ways. Is this a jurisdictional statute? I believe it's jurisdictional, Your Honor. Do you... Same question posed to Ms. Murphy with regard to the Lanyas abstention, does this apply here? Are you familiar with that? I am briefly familiar. I don't think it does apply. Because? There's a couple of ways which it can apply. First, if the value of the ship and the cargo exceeds the combined value of the claims brought, or if a single claimant brings an action against the ship owner seeking damages in excess of the limitation itself. Those would be the areas in which this abstention could apply. Do you see that applicable here? Yes, it does, Your Honor. And it's because it's a single claimant, which it's the death of my client, and the case exceeds $165,000. Where does the $165,000 come from? The petitioner's complaint, the value of the boiler is $165,000. So I misspoke. Yes, it does apply, Your Honor, in this case. All right. Thank you very much. Your time has expired. Thank you, everybody. Thank you. Ms. Murphy, your time has expired, but I'm going to give you some extra time because there's a lot going on in this case. I appreciate it, Your Honor. I will be brief. Your Honor, respectfully, I think that the problem with approaching this kind of case by taking the opposing party's initial pleadings as establishing all of the theories that could be before the court under an Iqbal or Twombly analysis is it's contrary to, as I started to say before, Your Honor, the lived experience of trial lawyers. We all know that there can be broad allegations, and there are broad allegations here, in a general negligence claim that evolve, but we have to bring this kind of case under the rules very quickly. Let me move you to the jurisdictional question. If Judge Ness is incorrect and it's not jurisdictional, it shouldn't have been a dismissal based upon jurisdiction because both parties have agreed we've got 1333 jurisdiction. And the Limitations Act itself is not a jurisdictional statute. What we're left with is Joyce, right? And then you've got some cases critical of Joyce since then. You've got the in-ray complaint of McCarthy brothers. We have subsequent case law that says that Joyce may have conflated the jurisdictional and the merits component. So we're going to have to address this conflation that existed, right? What we have before us then is an effective 12B6 analysis that was done without a 12B6 motion. The question is, when we're faced with that, is this an abstention circumstance? And I pose the two circumstances to Mr. Terrazino. Does this fall into that abstention question, same two categories? I think it is a claim by a single estate that exceeds the value of the vessel. And we did establish the value of the vessel in our pleadings. I don't think it's been presented to the court as an abstention question. And so, frankly, I didn't come here prepared to argue that. And in my time listening to my learned friend and to the court, I really have not analyzed and I don't think I could honorably tell you I have an analysis to provide. Your initial reaction was perhaps it meets one of those two criteria? Well, my initial reaction is it meets the criteria. If it's a wrongful death claim, it will exceed the value of the boat. That it meets. The secondary question is what are the implications of that? How would that impact the motion that raised that question? And in all truth, Your Honor, I would need time to give you that analysis. I can't do that on the fly competently. And there's a second order series of questions about the necessity of a stipulation. If there's federal abstention and the case goes back or the case in state court can proceed, there's a necessity of a stipulation that whatever happens in state court is not res judicata on the limitations issues. Correct. And that was not presented. There's been very recent interest in jurisprudence about how we're supposed to go about doing that. All of that is not present in this case. So if I have the chutzpah to speak just a bit more, I think if we look at Curiel v. Phipps, if we look at the overall jurisprudence of the Limitation Act, it wasn't intended to be administered with a tight and grudging hand. It was intended to allow us to put this issue in play and then there will come a day when we know what the liability facts are. But we're really still not there. And I don't think it's appropriate outside of the Joyce circumstance, which may arguably be appropriate, to take a general negligence complaint at its infancy and say there will never be a chance that this is a liability that should be immunized. And whatever we say in this case about all of these issues that we raised from the bench will have a short shelf life because the statute has been changed. And after 2022, these boats are no longer covered. Understood, Your Honor. But we're here on this case. Got it. Thank you. Thank you, Your Honor. Our thanks to all counsel. The case is taken under advisement.